IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| NORTHEAST IOWA CITIZENS FOR CLEAN WATER, INC., | ) ) | |
| | ) | CASE NO. 2:04-CV-1036 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| CITY OF POSTVILLE, c/o Honorable Mayor and Council City Hall Postville, IA 52162 | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

STATEMENT OF THE CASE

1.  This is a citizen suit brought pursuant to § 505 of the Clean Water Act (CWA), 33 U.S.C. § 1365.  Plaintiff seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorney's fees, for the defendant's repeated and continuing violations of these Acts [hereinafter "violations"].

2.  Defendant City of Postville holds a National Pollution Discharge Elimination System (NPDES) Permit for Wastewater Facility No. 03-75-0-02 (hereinafter Postville Industrial Wastewater Treatment facility), issued by the State of Iowa pursuant to the Clean Water Act.  The NPDES Permit allows Postville to discharge effluent into an unnamed stream, known locally as Hecker Creek, which then flows into the Yellow River.

3.  Agriprocessors, Inc., entered into a treatment agreement with the City of Postville, pursuant to which it discharges effluent into the City of Postville treatment system.

4.  Hecker Creek, into which Defendant City of Postville discharges its effluent from its Industrial Wastewater Treatment facility, is a "losing stream," meaning that more than 30% of its flow is discharged into the groundwater below.

{00029929.DOC}

5.  Several miles downstream, the discharge enters the Yellow River, which has been designated a High Quality Resource Water under Iowa law, and the segment affected by this discharge is listed by the State of Iowa as an impaired water, meaning that it does not currently meet state Water Quality Standards.  Thus, this area of Iowa is one of the most sensitive hydrologic areas of the state.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1).

7.  On April 26, 2003, and May 3, 2003, Plaintiff gave notice, to the Administrator of the Environmental Protection Agency (EPA), the State of Iowa, the City of Postville, and Agriprocessors, Inc., of the CWA violations alleged herein and of its intent to file suit, as required by § 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A).

8.  More than sixty days have passed since plaintiff gave notice of the violations and the violations have not been addressed.  Neither the EPA nor IDNR have commenced or diligently prosecuted a civil or criminal court action to require Postville and/or Agriprocessors, Inc., to comply with the CWA or RCRA.

9.  Venue in this Court is appropriate under CWA § 505(c)(1), 33 U.S.C. §1365(c)(1), because the discharge source is located in this district and all violations alleged occurred in this district.

## PARTIES

10.  Plaintiff Northeast Iowa Citizens for Clean Water, Inc. (NICCW) is a nonprofit corporation consisting of Iowa citizens whose interests are, have been, and will be adversely affected by these violations.

11.  Members of the NICCW use Hecker Creek and the Yellow River for fishing, stockwatering, and other agricultural, recreational, economic, and aesthetic uses.  In addition, members of NICCW also depend on drinking water wells which draw from an aquifer hydrologically connected to Hecker Creek and the Yellow River.  These aesthetic, agricultural, recreational, and economic interests have been and will continue to be impaired by Defendant's violations of federal and state environmental laws.

12.  Defendant City of Postville is a municipal corporation located in the state of Iowa, which owns and operates Postville Industrial Wastewater Facility No. 03-75-0-02 .

COUNT I: CLEAN WATER ACT

13.  Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into the navigable waters of the United States, unless the discharge is in compliance with the CWA.  The CWA requires that such discharges be authorized by a National Pollutant Discharge Elimination System (NPDES) permit issued pursuant to CWA § 402, 33 U.S.C. §1342.

14.  Defendant Postville's industrial wastewater treatment facility is and was a point source discharging pollutants into the navigable waters of the United States, and therefore requires a NPDES permit.

15.  Under CWA § 402(b), 33 U.S.C. 1342(b), the IDNR is authorized to issue NPDES permits.  Pursuant to that authority, IDNR issued the City of Postville NPDES Permit No. 0375002.

16.  Industries that contribute to wastewater treatment facilities must enter into treatment agreements with the wastewater treatment facility.  33 U.S.C. § 1317; IAC 56764.3(5).  Treatment agreements limit the amount of pollutant an industrial facility can discharge to the treatment facility.  Under the Clean Water Act and Iowa state law, an industrial facility that contributes to a wastewater treatment facility must adhere to the terms of its treatment agreement with the wastewater treatment facility. 33 U.S.C. § 1317(d); 567 IAC 62.1(6) and 64.3(5).

17.  Agriprocessors, Inc., entered into a treatment agreement with the City of Postville for the discharge of wastewater to Postville's Wastewater Facility No. 03-75-0-02.

18.  The City of Postville's NPDES Permit, No. 0375002 (EPA #IA0037036), and subsequent administrative orders amending and supplementing said permit, contained effluent limitations and requirements for, *inter alia,* flow, pH, biological oxygen demand (BOD), total suspended solids (TSS), and ammonia nitrogen.

19.  The City of Postville's NPDES permit states that the city must enforce the flow and pollutant limitations in its treatment agreement with Agriprocesors.  A failure to enforce the treatment agreement is therefore a violation of Postville's NPDES permit and the CWA.

20.  Agriprocessors' treatment agreement with the City of Postville establishes limitations on the amount and content of the wastewater Agriprocessors releases into the City of Postville's Wastewater Facility No. 03-75-0-02, including limitations on flow, BOD, TSS, and oil and grease.

21.  The City of Postville has violated the Clean Water Act by discharging in violation of its NPDES permit including, but not limited to, the following occasions:

    a)  In October 2003, the City of Postville violated its NPDES permit limit for pH.

    b)  In April 2002, the City of Postville's final lagoon contents contained amounts of CBOD that were in violation of the city's NPDES permit limits.

    c)  In November 2001, the City of Postville's final lagoon contents contained amounts of CBOD and suspended solids that were in violation of the city's NPDES permit limits.

    d)  In September 2000, the City of Postville's final lagoon contents contained amounts of TSS that were in violation of the city's NPDES permit limits.

    e)  In May 2000, the City of final lagoon contents contained amounts/ and/or concentrations of TSS that were in violation of the city's NPDES permit limits.  In addition, the discharge violated the interim ammonia limits.

    f)  In April 2000, the City of Postville discharged wastewater into Hecker Creek which caused a fish kill in the Yellow River, in violation of its permit, applicable water quality standards and state and federal law.

    g)  In February 1999, the City of Postville's final lagoon contents contained amounts of BOD that were in violation of the city's NPDES permit limits.

    h)  In March 1999, the City of Postville's final lagoon contents contained amounts of BOD that were in violation of the city's NPDES permit limits.

    i)  In September 1999, the City of Postville's final lagoon contents contained amounts of suspended solids that were in violation of the city's NPDES permit limits.

    j)  In November 1999, the City of Postville's final lagoon contents contained amounts of BOD and suspended solids that were in violation of the city's NPDES permit limits.

    k)  In December 1999, the City of Postville's final lagoon contents contained amounts of BOD and suspended solids that were in violation of the city's NPDES permit limits.

    l)  In June 1998, the City of Postville's final lagoon contents contained amounts of suspended solids that were in violation of the city's NPDES

permit limits. The City of Postville also violated the flow limits in its NPDES permit.

m) In December 1998, the City of Postville's final lagoon contents contained amounts of BOD and suspended solids that were in violation of the city's NPDES permit limits.

n) On numerous occasions, Agriprocessors violated its treatment agreement with the City of Postville and continues to violate that agreement on a regular basis. The city's NPDES Permit requires the City of Postville to enforce its pretreatment agreement with Agriprocessors. The City of Postville has failed and continues to fail to enforce its treatment agreement with Agriprocessors.

o) On numerous occasions, discharge from the City of Postville has caused a violation of the water quality criteria applicable to Hecker Creek and/or the Yellow River, including but not limited to objectionable color, odor or other aesthetically objectionable conditions, toxicity to human, animal or plant life, dissolved solids exceeding 750 mg/L, and fecal coliform levels of greater than 200 organisms/100 ml. Thus, the general water quality of Hecker Creek and the Yellow River has been and is being impaired by the current and past discharges from this system.

22. Therefore, the City of Postville has been and continues to be in violation of the Clean Water Act by discharging pollutants in violation of its NPDES permit and continually failing to enforce its treatment agreement with Agriprocessors.

23. The City of Postville is liable for civil penalties for each day of each violation of its NPDES permit. 33 U.S.C. § 1319(d). 40 C.F.R. § 19.4, Table 1.

**WHEREFORE**, in accordance with Count I, the Plaintiff Northeast Iowa Citizens for Clean Water respectfully requests this Court to grant the following relief:

A. Declare Defendant to have violated and be in violation of the Clean Water Act.

B. Enjoin the City of Postville from operating its industrial wastewater treatment lagoons in violation of its NPDES permit.

C. Assess appropriate civil penalties under Clean Water Act § 1319(d), payable to the U.S. Treasury, of $27,500 per day for each day of each violation.

D. Award Plaintiff litigation costs and reasonable attorney fees as authorized by CWA § 505(d).

E. Award such other relief as the Court deems appropriate,

s/Lawrence P. McLellan
Lawrence P. McLellan
Sullivan & Ward, P.C.
801 Grand Ave., Suite 3500,
Des Moines, Iowa 50309-2719
Telephone: (515) 244-3500
Facsimile: (515) 244-3599
lmclellan@sullivan-ward.com

Jerry L. Anderson
Midwest Environmental Justice Advocates
610 East Salem Ave.
Indianola, Iowa 50125
Telephone:  (515) 271-2658
Facsimile: (515) 271-4118
jerry.anderson@drake.edu

ATTORNEYS FOR PLAINTIFF